# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| JESUS MORIN HERNANDEZ, individually and on behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>R&B Fleet Services, LLC<br><br>Defendant. | Civil Action No:<br>5:22-cv-00194<br><br>JURY TRIAL DEMANDED |

## FLSA COLLECTIVE ACTION COMPLAINT

Jesus Morin Hernandez ("Plaintiff"), individually and behalf of all others similarly situated ("Putative Collective"), by and through their undersigned counsel, hereby makes the following allegations against R&B Fleet Services, LLC ("R&B") concerning their acts and status upon actual knowledge, and concerning all other matters upon information, belief, and the investigation of their counsel:

## NATURE OF ACTION

1. This lawsuit seeks to recover overtime compensation owed to Plaintiff and his similarly situated co-workers–mechanics, welders, electricians, maintenance men, and other laborers (collectively "Non-Exempt Laborers")—who work or have worked for R&B.

2. Plaintiff and Putative Collective contend that Defendant violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA") by knowingly requiring, suffering, or permitting them and other members of the Putative Collective to work more than 40 hours per week without paying Collective

Members an overtime premium of 1½ times their regular hourly rate for all time worked in excess of 40 hours per week.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of this action under 29 U.S.C. § 216(b) (FLSA actions "may be maintained against any employer … in any Federal or State court of competent jurisdiction"), because the FLSA invokes the Court's federal question jurisdiction. *See* 28 U.S.C. § 1331.

4. Venue is appropriate in this district under 28 U.S.C. § 1391(b), because R&B resides in, and does business within, this district. Defendant is a resident of the State in which the district is located. Defendant's principal place of business is located within the district. This is the district in which a substantial part of the events or omissions giving rise to the claim occurred.

5. Defendant is subject to personal jurisdiction in Texas. Defendant is subject to general jurisdiction in the state where the district court is located.

## PARTIES

6. Plaintiff Hernandez is an adult citizen of the State of Texas. Mr. Hernandez's consent form is attached as Exhibit 1.

7. Plaintiff and the similarly situated employees are individuals who were, or are, employed by Defendant in the past three years. The putative collective has been "engaged in commerce" as required by the FLSA, 29 U.S.C. §§ 206-07.

8. Defendant, R&B is a limited liability company organized under the laws of Texas. R&B is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), and an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and

"engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1). R&B may be served with summons and complaint by serving its registered agent Cinthya Flores at 1535 Beverly Ann, San Antonio, Texas 78224.

## FACTUAL ALLEGATIONS

9. From approximately 2014 to January 18, 2020, Plaintiff Hernandez worked as a non-exempt, hourly paid, "employee" for Defendant as defined by the FLSA, 29 U.S.C. § 203(e)(1).

10. For the past three years, Defendant has not paid Plaintiff and the Putative Collective overtime pay as required by the FLSA.

11. Plaintiff and the Putative Collective are not exempt from the FLSA and are required to be paid an overtime premium of 1½ times their regular hourly rate for all time worked in excess of 40 hours per week.

12. During the last three years, Plaintiff and the Putative Collective regularly worked in excess of forty hours a workweek.

13. Plaintiff[1] and the Putative Collective were not paid on a salary basis because Non-Exempt Laborers were paid an hourly rate for the exact number of hours they worked.

14. If Non-Exempt Laborers worked less than forty hours in a week, the Non-Exempt Laborers would be paid only for the hours he/she worked that week at his/her regular hourly rate.

---

[1] Plaintiff began receiving a salary on January 25, 2020. Prior to January 25, 2020, Plaintiff, similarly to the members of the putative collective was not paid an overtime premium of 1 ½ time his regular hourly rate for all time worked in excess of 40 hours

15. Defendant failed to pay Non-Exempt Laborers, 1 ½ times their regular rate of pay for each hour worked over forty in a workweek.

16. Specifically, Defendant paid Non-Exempt Laborers their regular rate for each hour worked over forty in a workweek instead of 1 ½ times the regular rate.

17. These practices violate the provisions of the FLSA, 29 U.S.C. § 201 *et seq*. As a result of these unlawful practices, Plaintiff and the similarly situated employees suffered a loss of wages.

18. Defendant showed reckless disregard for the fact that their failure to pay their Non-Exempt Laborers appropriate overtime compensation was in the violation of the law.

19. Upon information and belief, Non-Exempt Laborers have complained about not being paid overtime and were told that they could work and not be paid overtime or could quit.

20. Plaintiff and those similarly situated were hired, classified as W-2 employees, and paid by Defendant.

21. Defendant reported Plaintiff and the Putative Collective's wage information on IRS W-2 forms.

22. Plaintiff worked at Defendant's shop located at 1535 Beverly Ann, San Antonio, Texas 78224. Plaintiff had an assigned work area and reported directly to a manager.

23. Defendant supervised and controlled Plaintiff and the Putative Collective's work schedule.

24. For example, Defendant assigned Plaintiff and the Putative Collective tasks that Plaintiff and the Putative Collective performed and determined the hours that Plaintiff and the Putative Collective worked.

25. Defendant required that Plaintiff and the Putative Collective follow Defendant's rules, polices, and directives, including Defendant's timekeeping policies.

26. Upon information and belief, Defendant maintained Plaintiff and the Putative Collective's employment records.

27. Defendant had the power to fire Plaintiff Jesus Morin Hernandez. Defendant had the power to fire the Putative Collective.

28. Per Defendant's directive, Plaintiff and the Putative Collective were required to and did work more than 40 hours per week, without receiving overtime pay.

29. Instead of paying Plaintiff time and a half, Defendant paid Plaintiff and the Putative Collective their normal hourly rate. The Defendant paid the Plaintiff and the Putative Collective an hourly rate for each hour worked.

30. Plaintiff and the Putative Collective would routinely work over forty hours in a workweek. The Defendant routinely would pay the Plaintiff and the Putative Collective at the regular rate instead of the overtime rate for the hours over forty in a workweek.

31. The failure to pay the Plaintiff and the Putative Class at 1 ½ times the regular rate for hours over forty in a work week is a violation of the FLSA.

32. Defendant, and its managers and supervisors, solely managed Plaintiff and the Putative Collective's work.

33. For these reasons, Plaintiff seek, on behalf of himself and those similarly situated, unpaid wages, liquidated damages, attorney fees, and all other relief permitted.

34. All conditions precedent to the filing of this suit have been satisfied.

## COLLECTIVE ACTION ALLEGATIONS

35. Plaintiff brings this collective action for themselves and all others similarly situated pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime wages, liquidated damaged and other damages related to Defendant's violation of the FLSA.

36. Plaintiff pursues the required relief on behalf of the following Collective:

    All individuals who currently work, or have worked, for Defendant, R&B, as non-exempt, hourly paid, Non-Exempt Laborers, during the applicable statute of limitations period and performed such overtime work without receiving all wages owed for such work.

37. Plaintiff is a member of the Collective they seek to represent, because Plaintiff was classified as non-exempt and employed on an hourly basis during the relevant period, Plaintiff was routinely required, suffered, or permitted to work more than 40 hours per week and were not paid 1 ½ times his hourly rate.

38. Specifically, even though they did not satisfy any test for exemption, Defendant engaged in a common scheme requiring, suffering, or permitting Plaintiff and

Collective Members to work over forty hours a week and did not pay Plaintiff and Collective Members overtime at the legal overtime rate.

39. This action may be properly maintained as a collective action because Plaintiff and the Collective Members were similarly situated:

    a. Plaintiff and Collective Members were hired by Defendant and assigned to work for Defendant;

    b. Defendant required Plaintiff and Collective Members to follow its company policies, practices, and directives;

    c. Plaintiff and Collective Members were all classified as non-exempt;

    d. Plaintiff and Collective Members, by definition were all hourly paid employees;

    e. Plaintiff and the Collective Members, by definition, all worked in excess of 40 hours per week.

    f. Defendant required, suffered, or permitted Plaintiff and Collective Members to work in excessive of 40 hours a week without paying Plaintiff and Collective Members overtime;

    g. Regardless of their job title, Defendant did not pay Plaintiff and the Collective Members an overtime premium of 1 ½ times their regular hourly rate for all time worked in excess of 40 hours per week;

40. Plaintiffs estimate that the Collective, including both current and former employees over the relevant period, will include at least one hundred members. The precise number of Collective Members should be readily available from

Defendant's personnel, scheduling, time records, and from input received from the Collective Members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b). Given the composition and size of the Collective, its members may be informed of the pendency of this action directly *via* U.S. Mail and via electronic mail.

41. Defendant's unlawful conduct has been widespread, repeated, and consistent. All conditions precedent to the filing of this suit have been satisfied.

**FIRST CAUSE OF ACTION**
**Violation of the FLSA**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

42. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

43. Defendant is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce, or in the production of good for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

44. Plaintiff and the Collective Members are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b).

45. The FLSA, at 29 U.S.C. § 203(a)(1), states that employees must be paid an overtime rate, equal to at least 1 ½ times their regular rate of pay, for all hours worked in excess of 40 hours per week.

46. Throughout the relevant time period, Plaintiff and Collective Members were classified as "non-exempt" from the FLSA's overtime requirements and paid an hourly rate of pay.

47. Throughout the relevant period, Defendant violated the FLSA by engaging in a common scheme requiring, suffering, or permitting Plaintiff and the Collective Members to work in excess of 40 hours a week without paying them an overtime premium of 1 ½ times their regular hourly rate for those additional hours.

48. Plaintiff and the Collective Members have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of overtime wages owed for time worked in excess of 40 hours per week from which Defendant derived a direct and substantial benefit.

49. Defendant's violation of the FLSA, as described in this Collective Action Complaint, have been willful and intentional. Defendant failed to make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and other similarly situated current and former employees.

50. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 225.

51. As a result of the unlawful acts of Defendant, Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## JURY DEMAND

52. Plaintiff, individually and on behalf of the Putative Collective, exercises the right to a jury.

## PRAYER FOR RELIEF

53. WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

    a. Issuance of notice as soon as possible to all Non-Exempt Laborers who were employed by Defendant during any portion of the three years immediately preceding the filing of this action. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for hours worked as Non-Exempt Laborers during any portion of the statutory period;

    b. Judgment against Defendant for an amount equal to Plaintiff and class' unpaid back wages at the applicable overtime rate for each hour worked over forty;

    c. Judgment against Defendant that their violations of the FLSA were willful;

    d. An equal amount to the wage damages as liquidated damages;

    e. To the extent that liquidated damages are not awarded, an award of prejudgment interest;

    f. All costs incurred and reasonable attorney's fees for prosecuting these claims;

g. Leave to add additional Plaintiff by motion, the filing of written consent forms, or any other method approved by the Court;

h. Leave to amend to add claims under applicable state laws;

i. Awarding appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

j. For such further relief as the Court deems just and equitable.

Respectfully submitted,

**THE MAJOR LAW FIRM PLLC**

**By: /s/ *Abasi D. Major***
Abasi D. Major
Texas Bar No. 24096504
909 NE Loop 410
Suite 635
San Antonio, Texas 78209
Ph: 210-957-1767
Fx: 210-783-9637
abasi@themajorlawfirm.com

**Attorneys for Plaintiff**